IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OLIMPIU CONSTANTINE NEDELCU and SILVIU LUCRETIU NEDELCU,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO SEAL RECORD<br><br><br><br>Case No. 2:05-CR-330 TS |

Defendants move to seal the record of their felony convictions in this case. Defendants were convicted of Entering an Aircraft or Aircraft Area by Fraudulent Means in violation of 18 U.S.C. § 1036(a)(3). They received sentences of time served plus a period of supervised release. In their Motions, Defendants explain the circumstances of their convictions, express sincere remorse, and explain the difficulties resulting from having their convictions of record. Defendants submit proposed orders which appear to be on the forms used for sealing records of convictions used by the courts of the State of Utah. The government has not filed a response.

1

Unfortunately for Defendants, the Utah Expungement Act,[1] which provides for petitions to expunge[2] certain types of records of arrests or convictions in Utah, does not apply to felony convictions in federal court.  Instead, federal law controls this issue.

The Tenth Circuit has held that the federal district courts have the power to "expunge an arrest record where the arrestee has been acquitted."[3]  However, even where there is an acquittal, the Tenth Circuit held in *United States v. Linn*, that "the power to expunge an arrest record is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme cases."[4]  Similarly, in *United States v. Friesen*, the Tenth Circuit held that expungement of the arrest records of acquitted defendants should only be granted in "unusually compelling circumstances" that justify the "'narrow' power to order expunction."[5]

---

[1] Utah Code Ann. §§ 77-40-101 through 113.

[2] That Act defines "expunge" as meaning to seal or otherwise restrict access to the petitioner's record of arrest, investigation, detention, or conviction held by an agency.  *Id*. at §77-40-102(7).

[3] *United States v. Friesen*, 853 F.2d 816, 817-18 (10th Cir. 1988) (reversing and remanding for further proceedings an acquitted defendant's motion to have arrest record expunged) and *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975) (finding that defendant's "acquittal, standing alone, is not in itself sufficient to require the trial court to expunge his record of arrest").

[4] *Linn*, 513 F.3d at 927 (noting that "where the arrest itself was an unlawful one, or where the arrest represented harassing action by the police, or where the statute under which the arrestee was prosecuted was itself unconstitutional, courts have ordered expunction" of arrest record).

[5] *Friesen*, 853 F.2d at 817-18 (reversing district court's order of expunction and remanding for findings regarding "unusually compelling circumstances").  *See also Camfield v. City of Okla. City*, 248 F.3d 1214, 1235 (10th Cir. 2001) (noting in dicta that it is "well settled in this circuit that courts have inherent equitable authority to order the

However, as is made clear in the Tenth Circuit's opinion in *United States v. Pinto*,[6] "there is a large difference between expunging the *arrest* record of a presumably innocent person, and expunging the conviction of a person adjudged as guilty in a court of law."[7] In *Pinto*, the Tenth Circuit held there was no statutory authority for an order expunging a conviction,[8] but that "federal courts may, in extreme cases, expunge a federal conviction that has, in some manner, been invalidated."[9] Thus, in cases such as *Pinto* and the present case, "absent an allegation that the conviction was somehow invalid," the district court is without the power to expunge federal felony convictions.[10]

This holding that federal district courts lack the power to expunge a valid federal felony conviction accords with the holdings of other circuits, especially following the Supreme Court's ruling in *Kokkonen v. Guardian Life Ins. Co. of Am.*,[11] clarifying the limits of a federal district court's inherent powers under the doctrine of ancillary jurisdiction. Other courts that have found there is no authority to expunge a valid federal felony

---

expungement of an arrest record or a conviction in rare or extreme instances").

[6] 1 F.3d 1069 (10th Cir. 1993)

[7] *Id*. at 1070 (emphasis added).

[8] *Id*. But as noted by the *Pinto* court, there is a very limited "statutory authority to expunge convictions" that applies only to certain "first-time drug offenders" under 21 U.S.C. § 844(b)(1) and 18 U.S.C. § 3607. *Id*. at 1070. *See also United States v. Sumner,* 226 F.3d 1005, 1012-13 (9th Cir. 2000) (listing other possible statutory and constitutional grounds for expunction of a criminal record).

[9] *Pinto,* 1 F.3d at 1070.

[10] *Id.* at 1071.

[11] 511 U.S. 375 (1994).

conviction on purely equitable grounds include the Eighth Circuit in *United States v. Meyer*;[12] the Ninth Circuit in *United States v. Sumner*;[13] the Third Circuit in *United States v. Dunegan*,[14] and the First Circuit in *United States v. Coloian*.[15]

While there is some case law to the contrary,[16] as explained in *Coloian*, such case law "either predate[s] *Kokkonen* or . . . fail[s] to address that decision, which raises questions" as to the "continued viability" of those cases.[17]

Finally, cases in this district have found both a lack of authority to expunge a criminal conviction that has not been invalidated[18] and the power to do so.[19] Having carefully reviewed all of the case law, the Court agrees with the cases finding that where

---

[12]439 F.3d 855 (8th Cir. 2006) (holding that "[p]ermitting the expungement of a record solely on equitable grounds would interfere with state and federal laws that rely on the existence of accurate and complete criminal records").

[13]*Supra*, note 8, 226 F.3d at 1014.

[14] 251 F.3d 477 (3d Cir. 2001).

[15]480 F.3d 47 (1st Cir. 2006) (collecting cases).

[16]*See* cases listed *id*. at 52, including *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir.2004). However, this Court notes that two of those cited cases, *Linn*, supra, and *Livingston v. United States Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985), involve only the request to expunge arrest records, not records of convictions.

[17]*Id*. at 52.

[18]*United States v. Ward*, Case No. 2:06-CR-538 CW, 2009 WL 5216861, at *1 (D. Utah Dec. 29, 2009) (following *Pinto* to find that the district court lacks authority to expunge a criminal conviction that has not been invalidated).

[19]*United States v. Williams*, 582 F.Supp.2d 1345, 1346-47 (D. Utah 2008) (interpreting *Linn* to provide authority to expunge a criminal conviction where the defendant provided evidence of "unusually compelling circumstances" warranting exercising the "narrow" power of expungement).

the felony convictions are not invalidated, this Court does not have ancillary jurisdiction to expunge or seal the records of such valid convictions on purely equitable grounds.

In the present case, Defendants' convictions remain valid and unchallenged. Construing their pro se Motions liberally, they do not seek expungement on any grounds other than purely equitable grounds.[20] Where the convictions remain valid, this Court does not have ancillary jurisdiction to expunge or seal the records of such convictions on purely equitable grounds. Thus, the requested relief is not available through the courts.

The Court notes there is a procedure to seek a Presidential pardon through an application with the United States Department of Justice.[21] However, it appears that such pardons are rarely granted. The Court expresses no opinion on the appropriateness or availability of such a remedy in the present case. Based on the foregoing, it is therefore

ORDERED that the Motions for Sealing the Record of Convictions (Docket Nos. 44 and 45) filed by Defendants Olimpiu Constantine Nedelcu and Silviu Lucregiu Nedelcu are DENIED.

DATED   July 20, 2011.

             BY THE COURT:

             _____
             TED STEWART
             United States District Judge

---

[20] *See Coloian*, 480 F.3d at 51 n.6 (defining purely equitable grounds as meaning "grounds that rely only on notions of fairness . . . entirely divorced from legal considerations").

[21] *See e.g.*, information at www.justice.gov/pardon.