IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OLIMPIU CONSTANTINE NEDELCU AND SILVIU LUCRETIU NEDELCU,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:05-CR-330 TS |

This matter is before the Court for consideration of various documents filed by Defendants Olimpiu Constantine Nedelcu and Silviu Lucretiu Nedelcu. Through these documents, Defendants seek a writ of audita querela and/or to vacate their convictions. For the reasons discussed below, the Court will deny Defendants' requests.

I. BACKGROUND

Defendants were charged with entering a secure area of an airport by fraudulent means in violation of 18 U.S.C. § 1036(a) and unlawfully possessing/using a means of identification of another person with the intent to commit unlawful activity that constitutes a violation of Federal law in violation of 18 U.S.C. § 1027(a)(7), as well as aiding and abetting under 18 U.S.C. § 2.

1

Defendants pleaded guilty to entering a secure area of airport area by fraudulent means and aiding and abetting.  In particular, Defendant Silviu Lucretiu Nedelcu admitted that he applied for and received a job working at the Salt Lake International Airport, where he was given the identification necessary to enter secure areas.  Silviu then gave that airport identification to his brother, Olimpiu Constantine Nedelcu, who then began to work at the airport under Silviu's name.  Olimpiu admitted that he used the identification of his brother, without lawful authority, to fraudulently enter the secure area of an airport.  Silviu admitted that he knew he was aiding his brother in that offense and that the identification would be used by Olimpiu to fraudulently enter the secure area of the airport.

Olimpiu Constantine Nedelcu was sentenced on November 17, 2005, to time served to be followed by 24 months of supervised release.  Judgment was entered on November 29, 2005.  Silviu Lucretiu Nedelcu was sentenced on February 7, 2006, to time served and 12 months of supervised release.  Judgment was entered on February 9, 2006.  Neither Defendant sought direct appeal and both Defendants have completed their terms of supervised release.

On February 7, 2011, both Defendants filed motions seeking to seal their case. Defendants expressed remorse and explained the difficulties of having felony convictions.  The Court denied Defendants' motions and the Tenth Circuit Court of Appeals subsequently affirmed.

Defendants have now filed a number of documents with the Court.  Those documents seek a writ of audita querela and/or to vacate their convictions.  Defendants essentially argue that a felony conviction was excessive and that, because they are convicted felons, they have faced

certain difficulties, such as securing employment.  Defendant Silviu Lucretiu Nedelcu also appears to argue that he should not have been convicted because "at no time[] did he illegally or by fraudulent means enter[] his job as his conviction states."[1]

## II.  DISCUSSION

Defendants seek a writ of audita querela and to vacate their convictions.  As an initial matter, it is unclear whether audita querela can be used to vacate a criminal conviction.[2]  Ultimately, the Court need not decide this issue because, even if the writ is available in such circumstances, Defendants have failed to show that they are entitled to such relief.

"[A] writ of audita querela is used to challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'"[3]

> According to its ancient precepts, the writ of audita querela was invented to afford relief in behalf of one against whom execution had been issued or was about to be issued upon a judgment, which it would be contrary to justice to allow to be enforced, because of matters arising subsequent to the rendition thereof.[4]

"Common law writs such as [the writ of audita querela] are extraordinary remedies that are appropriate only in compelling circumstances."[5]

A review of the documents filed by Defendants reveals that this case does not present the

---

[1] Docket No. 65, at 1.

[2] *See United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).

[3] *Id*. (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)).

[4] *Oliver v. City of Sattuck ex rel. Versluis*, 157 F.2d 150, 153 (10th Cir. 1946).

[5] *United States v. Thody*, 460 Fed. App'x 776, 778 (10th Cir. 2012) (citing *United States v. Denedo*, 556 U.S. 904, 917 (2009)).

"compelling circumstance" required for the issuance of a common law writ. The thrust of Defendants' arguments is that a felony conviction was excessive and that, because of that felony conviction, they have encountered certain difficulties. This does not present a sufficient basis for relief.

Defendant Silviu Lucretiu Nedelcu appears to argue that he should not have been convicted. However, his argument shows a misunderstanding of the crimes to which he ultimately pleaded guilty. As stated, Defendants were charged, and ultimately pleaded guilty to entering a secure area of an airport by fraudulent means and aiding and abetting. The facts that Defendants admitted show that Silviu applied for a job at the airport, that he received identification which allowed him to enter secure areas of the airport, and that he then turned that identification over to his brother who used that identification to enter secure areas of the airport.

In his Motion to Vacate, Silviu Lucretiu Nedelcu argues that he was properly hired and that he did not illegally or fraudulently enter the job site. This argument, however, ignores the aiding and abetting portion of his conviction. The facts clearly show that Silviu Lucretiu Nedelcu aided and abetted his brother in entering a secure area by fraudulent means. Thus, there is sufficient evidence to support his conviction.

## III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions (Docket Nos. 62, 63, 64, 65) are DENIED.

DATED   October 25, 2012.

>BY THE COURT:
>
>_____
>TED STEWART
>United States District Judge